STATE of Delaware, DEPARTMENT OF ELECTIONS FOR NEW CASTLE COUNTY, Appellant Below, Appellant,

v.

Frank J. CARELLO, Jr., W. Allen Jones, Harold P. Minner, Emily E. Tugend, constituting the Unemployment Insurance Appeal Board of the State of Delaware and Desiree L. Diehl, Appellees Below, Appellees.

Supreme Court of Delaware.

Submitted: June 7, 1985.
Decided: Oct. 17, 1986.

Malcolm S. Cobin and Robert W. Willard, Deputy Attys. Gen., Wilmington, for appellant.

Richmond L. Williams, Deputy Atty. Gen., Wilmington, for appellee Unemployment Ins. Appeal Bd.

Desiree L. Diehl, pro se.

Before CHRISTIE, C.J., McNEILLY and HORSEY, JJ.

CHRISTIE, Chief Justice:

In this appeal we are called upon to decide whether the State of Delaware stands in a different posture than other employers with respect to payment of unemployment benefits to temporary employees under Delaware's Unemployment Compensation Act. 19 *Del.C.* ch. 33. The State argues that the Act should not be construed to require the State to pay unemployment compensation to temporary employees because such a requirement would increase unemployment, contrary to one of the purposes of the Act. For the reasons below, we find the State's argument unpersuasive and rule that the State is subject to the same standard as are other employers. We, therefore, affirm the order of the Superior Court granting unemployment compensation in this case.

I.

The claimant, Desiree Diehl, was employed by the State Department of Elections for New Castle County to perform clerical work in preparation for the general election of 1982. Ms. Diehl was hired on a full-time, temporary basis, in a job of limited but unspecified duration. She began work on September 14, 1981. On November 12, 1982, after having been employed for fourteen months, claimant was laid off due to lack of work.[1]

---

**1.** Delaware law excludes from its definition of "classified service" and "State service" "[t]empo-

Subsequently, Ms. Diehl filed a claim for unemployment compensation. The Claims Deputy ruled that she was ineligible for compensation because she had voluntarily left her work.[2] The Claims Deputy was of the opinion that the claimant should be deemed to have voluntarily quit her job at the end of the period of employment because she knew that the employment was to be for a limited period when she was hired.

The Appeals Referee affirmed the decision of the Claims Deputy. The Unemployment Insurance Appeal Board (Board) reversed the decision of the Appeals Referee and granted unemployment compensation to the claimant. The Board reasoned that the claimant was unemployed because of lack of work, not because she left work voluntarily. The Board's decision was affirmed by the Superior Court.

On appeal to this Court, the State does not continue to press its argument that the claimant left work voluntarily. Instead, the State contends that the public policy promoted by the Act requires that the State be exempted from any obligation to pay unemployment compensation to its laid-off temporary employees. Specifically, the State contends that the Act's goal of preventing the spread of unemployment would be frustrated to the extent that the State is required to pay unemployment benefits to temporary employees because the State would be able to hire fewer temporary employees if it were forced to pay them unemployment benefits. The State points out that, whereas the imposition of the cost of unemployment benefits on private employers provides an incentive to retain temporary employees, the imposition of the cost of benefits on the State provides no similar incentive because the State is required by statute to hire temporary employees for less than 130 working days each fiscal year. 29 *Del.C.* § 5903(17).

## II.

For the purposes of determining eligibility for unemployment compensation, we recognize no distinction between State employment and other employment. The purpose of the Unemployment Compensation Act is to prevent the spread of unemployment and to lighten the burden of unemployment on the displaced worker and his family. 19 *Del.C.* § 3301. No person should be excluded from benefits of the Act unless its language, or that of another relevant statute, has fairly demonstrated an intent to make such exclusion. *See E.I. DuPont De Nemours & Co. v. Dale,* Del.Supr., 271 A.2d 35, 37 (1970). We can find in neither the Act nor in Title 29 of the Delaware Code (relating to State government) an intention to exclude State employees from the benefits of the Unemployment Compensation Act.

Temporary employees hired on an emergency basis are expressly excluded from receiving unemployment compensation, 19 *Del.C.* § 3302(9)(D)(iii)(IV), but there is no specific exclusion for other temporary employees. Specifically, there is nothing in the Act to indicate that temporary employees who are subject to special statutory provisions are to be excluded from whatever protection the Unemployment Compensation Act provides to employees generally.

rary, casual, and seasonal employees employed for less than 130 working days in any fiscal year...." 29 *Del.C.* § 5903(17). Based on this statute, the State contends that its temporary employees must work less than 130 days (or, cannot work more than 129 days) in any fiscal year. Claimant worked for fourteen consecutive months, more than 130 days (which is roughly six months) in a fiscal year. In this instance, the State may have improperly failed to limit claimant's employment to less than 130 working days in a fiscal year; however, this question was not considered in the Superior Court and is not regarded as material in this Court.

2. Section 3315 of the Act provides: "[a]n individual shall be disqualified for benefits: (1) For the period of unemployment next ensuing *after he has left his work voluntarily* without good cause attributable to such work...." 19 *Del.C.* § 3315(1) (emphasis added).

In the absence of an indication that State employees are excluded from the protection of the Act, we must assume that the legislature intended that the State and private employers assume identical obligations toward displaced employees. The State does not contend that the burden of involuntary unemployment is less onerous when a displaced worker is laid off by the State. Moreover, the State's concern that its inclusion under the Act will actually increase unemployment has been alleviated by a recent decision of this Court discussed below.

### III.

The concerns expressed in the State's argument are largely eliminated by this Court's recent decision in *City of Wilmington v. Unemployment Insurance Appeal Board & Wisher,* Del.Supr., 516 A.2d 166 (1986) (hereinafter *Wisher*). The *Wisher* decision held that only those temporary employees who work for 130 or more working days on a regular basis qualify for unemployment compensation. In setting 130 days as a "bright line" standard for determining eligibility for unemployment compensation, this Court was guided by 29 *Del.C.* § 5903(17), which excludes from the statutory definition of State service those "temporary, casual, and seasonal employees employed for less than 130 working days in any fiscal year...." In light of this general expression of the General Assembly as to what constitutes temporary work, the Court established a 130-working-days standard of eligibility for unemployment benefits.

 Under the rule of *Wisher*, the State may continue to employ temporary workers for less than 130 working days without incurring liability under the Unemployment Compensation Act. It should be pointed out, however, that the *Wisher* decision does not entirely free the State from responsibility for unemployment compensation for temporary employees who work in two consecutive fiscal years. If the State employs a temporary employee for 130 or more working days, it is liable for unemployment compensation even though the employee may have worked less than 130 working days in each fiscal year.

### IV.

The claimant, Ms. Diehl, is entitled to unemployment compensation under the *Wisher* decision in view of the fact that she worked on a regular basis for more than 130 working days. We, therefore, affirm the order of the Superior Court granting unemployment compensation.